# UNITED STATES DISTRICT COURT
for the
District of Columbia

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
)   Case No.  18-sw-357
INFORMATION ASSOCIATED WITH THE CELLULAR )
TELEPHONE ASSIGNED CALL NUMBER (571) 991-0877, )
THAT IS STORED AT PREMISES CONTROLLED BY )
SPRINT CORPORATION )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A incorporated herein.

located in the _____ District of _____Columbia_____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B incorporated herein.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
  ❒ evidence of a crime;
  ❒ contraband, fruits of crime, or other items illegally possessed;
  ❒ property designed for use, intended for use, or used in committing a crime;
  ❒ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 875 | Threats |

The application is based on these facts:

See attached affidavit.

  ☑ Continued on the attached sheet.
  ☑ Delayed notice of __30__ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Special Agent Nicole Coe
*Printed name and title*

Sworn to before me and signed in my presence.

Date: ____12/31/2018____

_____
*Judge's signature*

City and state: Washington, D.C.    Magistrate Judge Robin M. Meriweather
*Printed name and title*

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | |
|---|---|
| In the Matter of the Search of <br> *(Briefly describe the property to be searched <br> or identify the person by name and address)* <br> INFORMATION ASSOCIATED WITH THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER (571) 991-0877, THAT IS STORED AT PREMISES CONTROLLED BY SPRINT CORPORATION | ) <br> ) <br> )   Case No.   18-sw-357 <br> ) <br> ) <br> ) |

## SEARCH AND SEIZURE WARRANT

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ District of _____Columbia_____
*(identify the person or describe the property to be searched and give its location)*:

   SEE ATTACHMENT A

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

   SEE ATTACHMENT B

**YOU ARE COMMANDED** to execute this warrant on or before    1/14/19    *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.    ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to    Robin M. Meriweather   .
                                                                                                                     *(United States Magistrate Judge)*

☑ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☑ for   30   days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of    _____    .

Date and time issued:   December 31, 2018
                                                                                                                     *Judge's signature*

City and state:   Washington, D.C.                                        Magistrate Judge Robin M. Meriweather
                                                                                                                     *Printed name and title*

AO 93  (Rev. 11/13) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.:<br>18-sw-357 | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

**Certification**

　　　I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.


Date: _____

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　*Executing officer's signature*

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　*Printed name and title*

## ATTACHMENT A

### Property to Be Searched

This warrant applies to records and information associated with the cellular telephone assigned call number (571) 991-0877 ("the Account"), that are stored at premises controlled by Sprint Corporation ("the Provider"), headquartered at 6480 Sprint Parkway, Overland Park, Kansas 66251.

# ATTACHMENT B

## Particular Things to be Seized

I. Information to be Disclosed by the Provider

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A for the time period from September 22, 2018 at 00:00 EST until, December 27, 2018 at 23:59 EST:

a. The following information about the customers or subscribers of the Account:

   i. Names (including subscriber names, user names, and screen names);

   ii. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

   iii. Local and long distance telephone connection records;

   iv. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

   v. Length of service (including start date) and types of service utilized;

   vi. Telephone or instrument numbers, including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

   vii. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

  viii. Means and source of payment for such service (including any credit card or bank account number) and billing records.

 b. All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the Account, including:

  i. the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses);

  ii. all available call detail records (CDR) to include SMS detail, data sessions, Per Call Measurement Data (PCMD) / Real-Time Technology (RTT) data; and

  iii. all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from each cellular telephone or device assigned to the Account.

II. Information to be Seized by the Government

All information described above in Section I that constitutes evidence and instrumentalities of violations of Interstate Communications, in violation of 18 U.S.C. §875, involving CARL ALEXANDER SIMMONS during the period from September 22, 2018 at 00:00 EST until, December 27, 2018 at 23:59 EST to include:

 a. Records, documents, files, or data which contain personal identifying information related to CARL ALEXANDER SIMMONS;

 b. Payment methods to include full payment information related to the phone number of (571) 991-0877;

 c. Geographic location of the phone during aforementioned time period

 d. Any information recording CARL ALEXANDER SIMMONS's schedule or travel;

3

e. Evidence of who used, owned, or controlled the phone number of (571) 991-0877 at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

f. Contextual information necessary to understand the evidence described in this attachment

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER (571) 991-0877, THAT IS STORED AT PREMISES CONTROLLED BY SPRINT CORPORATION | No. 18-sw-357<br><br>**Filed Under Seal** |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, Nicole Coe, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application for a search warrant for information associated with a certain cellular telephone assigned call number (571) 991-0877 (the "SUBJECT PHONE") that is stored at premises controlled by Sprint Corporation, a wireless telephone service provider headquartered at 6480 Sprint Parkway, Overland Park, Kansas 66251. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. § 2703(a), 2703(b)(1)(A), 2703(c)(1)(A), and 2703(d) to require Sprint Corporation to disclose to the government copies of the information further described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review the information to locate items described in Section II of Attachment B.

2. I have been a Special Agent with the Federal Bureau of Investigation since 2017. I am currently assigned to the FBI's Violent Crime Task Force, which is responsible for investigating violent crimes and major offenses in Washington D.C. I have eight years of prior law enforcement experience working as a police officer in the State of Illinois and as a detective

in the Commonwealth of Virginia. Additionally, I attended three separate law enforcement academies and completed multiple in-service training courses relating to my duties. My training included instruction on investigative tools and criminal law, such as the development and identification of probable cause to support the execution of search warrants. During the course of my time in law enforcement, I have conducted arrests and executed search warrants and court orders.

3. The FBI's Cellular Analysis Survey Team (CAST) can perform analysis on call detail records for a target phone. The call detail records document the network interaction to and from the target cell phone. Additionally, the records document the cell tower and cell sector ("cell site") which served the cell phone during the period of activity. Used in conjunction, the call detail records and a list of cell site locations can be used to illustrate an approximate location of the target cell phone when it initiated contact with the network. These locations can then be mapped and the cell site data plotted to illustrate the cell site activity over a particular period of time.

4. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents, and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

5. For the reasons discussed in detail below, I believe that the records described below (including the historic cell site records) will provide evidence of the commission of the offense of Interstate Communications, in violation of 18 U.S.C. § 875 (the "TARGET OFFENSE"). This offense was committed in the District of Columbia and the Commonwealth of Pennsylvania. Based on the facts set forth in this affidavit, there is probable cause to believe that

the TARGET OFFENSE has been committed, is being committed, and will continue to be committed by CARL ALEXANDER SIMMONS. There is also probable cause to search the information described in Attachment A for evidence and instrumentalities of this crime as further described in Attachment B.

## JURISDICTION

6. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711, 18 U.S.C. §§ 2703(a), (b)(1)(A) & (c)(1)(A). Specifically, the Court is a "district court of the United States . . . that – has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i). As discussed more fully below, acts or omissions in furtherance of the offenses under investigation occurred within Washington, D.C. *See* 18 U.S.C. § 3237. The offenses under investigation are the subject of a grand jury investigation in the District of Columbia.

## PROBABLE CAUSE

7. From on or about August 28, 2018 to the present, the Federal Bureau of Investigation ("FBI") Philadelphia Operations Center, located at 600 Arch Street, Philadelphia, Pennsylvania 19106, has received numerous phone calls from CARL ALEXANDER SIMMONS using telephone number (571) 991-0877, a telephone number associated with the Sprint mobile communications carrier. In the phone calls, SIMMONS requested help for his mental condition and restitution for his suffering caused by the government. He wanted the FBI to review a YouTube video he is depicted in titled "EEOC System Part 1." In several of his phone calls, SIMMONS threatened to shoot up the Equal Employment Opportunity Commission ("EEOC") Headquarters building, located at 131 M Street Northeast, Washington, DC 20507. He further

3

stated in his phone calls that he was currently outside of the EEOC building and can purchase an AR-15 rifle.

8. On August 28, 2018, in a call made to the FBI Philadelphia Operations Center on using telephone number (571) 991-0877, SIMMONS identified himself and told the call taker that people do not pay attention to mental people until "we" start killing people, and asked the call taker several times if he has to shoot up the EEOC building with an AR-15. He stated he was outside of the EEOC building in Washington, DC and was prepared to purchase an AR-15 if he did not get attention within 24 hours. SIMMONS stated he was going to "start pumping bullets" into the building and was going to "start heating that building up with an AR-15 with 400 rounds."

9. On September 20, 2018, I conducted a phone interview with SIMMONS (dialing his telephone number (571) 991-0877) in which he told me that he believes that he was wronged by the government, wants money for punitive damages, and wants the FBI to review his YouTube video. The conversation was disjointed and confusing at times. I informed SIMMONS his calls were threatening in nature and that he could not continue to make such threats. I further instructed him to stop calling the FBI regarding this matter so I could investigate his grievance. Based on my investigation, I could find no reasonable basis for SIMMONS's grievances.

10. On September 22, 2018, SIMMONS called the FBI Philadelphia Operations Center four times using telephone number (571) 991-0877. SIMMONS identified himself and told the call taker that the government has 30 days to give him his money or he was going to "flag that building with a rifle gun." He stated he was outside of the building and would light it up "like the fourth of July."

11. Despite being told to stop calling the FBI regarding this matter, SIMMONS continued to make phone calls to the FBI Philadelphia Operations Center using telephone number (571) 991-0877. SIMMONS made more than 15 calls to the FBI between August 28, 2018 and December 27, 2018. On October 23, 2018, I obtained a search warrant for SIMMONS's cell-site location information. *See* 18-sc-3106 (DAR). As a result of the execution of that search warrant, I learned that SIMMONS was located in Allentown, Pennsylvania during his calls to FBI up until that time.

12. On November 5, 2018, SIMMONS walked into the FBI Allentown Resident Agency, located at 504 West Hamilton Street, Allentown, Pennsylvania 18101. FBI Special Agent Eddie Garcia conducted an interview with SIMMONS, where SIMMONS reiterated his same confusing complaints against various government entities and demanded restitution for his suffering. During the interview, Special Agent Garcia provided his contact information for SIMMONS to reach him directly.

13. Between November 6, 2018 and December 26, 2018, SIMMONS called Special Agent Garcia more than 45 times using telephone number (571) 991-0877. Several of the phone calls were threatening in nature toward the EEOC and other government entities. Moreover, a number of those calls were received by Special Agent Garcia while Special Agent Garcia was located in New York state.

14. On December 4, 2018, SIMMONS called the Metropolitan Police Department ("MPD") 6th District Station, located at 5002 Hayes Street Northeast, Washington, D.C. 20019, using telephone number (571) 991-0877. SIMMONS told the call taker he wanted payment of one dollar for a case he is involved in with an MPD sergeant. He stated, "Pay me my dollar and I

won't act like other crazy people. You know I'm mental. I'm coming strapped. I'm coming with my AR-15 to shoot up the place."

15. At this point in the investigation, there is no evidence that SIMMONS possesses an AR-15 rifle. On the same token, however, SIMMONS has routinely explained to law enforcement that the reason he issues the threats is to garner attention, sufficiently underscoring the fact that SIMMONS continually speaks with the intent for his words to be received as threatening in nature. This requested search warrant will help identify the whereabouts of SIMMONS, based on his continual calls to FBI using telephone number (571) 991-0877, as well as the location where such calls were made and placed.

16. Based on my training and experience, I know that Sprint Corporation is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including cell-site data, also known as "tower/face information" or "cell tower/sector records." Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data provides an approximate location of the cellular telephone but is typically less precise than other types of location information, such as E-911 Phase II data or Global Positioning Device ("GPS") data.

17. I also know that wireless providers such as Sprint Corporation typically collect and retain cell-site data pertaining to cellular phones to which they provide service in their normal course of business in order to use this information for various business-related purposes. Based on my training and experience, I know that wireless providers such as Sprint Corporation typically collect and retain information about their subscribers in their normal course of business. This information can include basic personal information about the subscriber, such as name and address, and the method(s) of payment (such as credit card account number) provided by the subscriber to pay for wireless telephone service. I also know that wireless providers such as Sprint Corporation typically collect and retain information about their subscribers' use of the wireless service, such as records about calls or other communications sent or received by a particular phone and other transactional records, in their normal course of business. In my training and experience, this information may constitute evidence of the crimes under investigation because the information can be used to identify the SUBJECT PHONE's user or users.

## AUTHORIZATION REQUEST

18. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to 18 U.S.C. § 2703(c) and Federal Rule of Criminal Procedure 41.

19. I further request that the Court direct Sprint Corporation to disclose to the government any information described in Section I of Attachment B that is within its possession, custody, or control. Because the warrant will be served on Sprint Corporation, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

20. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation, including by giving targets an opportunity to destroy or tamper with evidence, change patterns of behavior, notify confederates, and flee from prosecution.

Respectfully submitted,

_____
Nicole Coe
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me on_____of December, 2018

_____
Robin M. Meriweather
UNITED STATES MAGISTRATE JUDGE